James P. Krauzlis
CASEY & BARNETT, LLC
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARL SCHROETER GMBH & CO. KG a/s/o Jac.
Vandenberg, Inc.,

      Plaintiff,

- against -

MSC MEDITERRANEAN SHIPPING COMPANY
S.A.,

      Defendant.
------------------------------------------------------------X

ECF CASE

18 Civ.

**COMPLAINT**

Plaintiffs, CARL SCHROETER GMBH & CO. KG a/s/o Jac. Vandenberg, Inc., by and through its attorneys, Casey & Barnett, LLC, as and for its Complaint, allege upon information and belief as follows:

## JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the provisions contained in the MSC MEDITERRANEAN SHIPPING COMPANY S.A., bill of lading, which mandates that jurisdiction for all claims arising under its bill of lading shall be in this district.

## PARTIES

2. At all material times, CARL SCHROETER GMBH & CO. KG (hereinafter "CS" or "Plaintiff") was and is a corporation with an office and place of business located at

Martinistrase8-10, D-28195 Bremen, Germany and was and is the subrogated underwriter of the consignee and owner of the consignment of cargo which is the subject matter of this lawsuit, as more fully described below.

3. At all material times, MSC MEDITERRANEAN SHIPPING COMPANY S.A., (hereinafter "MSC" or "Defendant") was and is a corporation with an office and place of business located c/o MSC Mediterranean Shipping Company (USA) Inc., 420 5th Avenue – 8th Floor, New York, N.Y. 10018, and, at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as an ocean transportation common carrier of goods for hire.

4. Upon information said defendant conducts business as a common carrier, and the provision of services related thereto, with respect to shipments to, from and within the States of the United States.

5. Plaintiffs bring this action on their own behalf and as agents and/or trustees on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and Plaintiffs are entitled to maintain this action.

## RELEVANT FACTS

6. On or before February 8, 2017 a consignment consisting of 1,768 boxes of organic grape, variety Red Globe, then being in good order and condition, were loaded into an ocean shipping container that had been provided by MSC, numbered CXRU1399945, for carriage from Callao, Peru, to Philadelphia, PA, and on February 8, 2017 the said ocean shipping container containing the 1,768 boxes of organic grape, variety Red Globe, then being in good

order and condition, were delivered into the custody and control of MSC and/or its agents in Callao, Peru, for transportation to Philadelphia, PA.

7. The transportation of the consignment was all arranged in consideration of an agreed upon freight and pursuant to MSC's Bill of Lading numbered CXRU1399945 dated February 8, 2017, requiring the carriage of the subject shipment at 0° C, which relate to the 1,768 boxes of organic grape, variety Red Globe loaded into container CXRU1399945.

8. Thereafter, on or about February 8, 2017, the aforementioned container was loaded aboard the M/V MSC BRANKA in Callao, Peru, and departed for her intended destination.

9. At the time of shipment MSC and the carrying vessel were instructed the subject shipment was to receive cold treatment while en-route to the United States in accordance with the requirements of Foreign Plant Quarantine Notice 319.56-2-d of the United States Department of Agriculture.

10. Thereafter on February 19, 2017, the aforementioned shipment arrived in Philadelphia, PA, when, as per USDA decision upon arrival, the container had failed to meet USDA Cold Treatment requirements in transit and same had to be prolonged to comply with the USDA Cold Treatment requirements given to MSC and the carrying vessel at the time of sailing from Callao, Peru. The consignment was thereafter released on March 6, 2017.

11. Thereafter, the aforementioned shipment was delivered to the Plaintiff's assured in Philadelphia, PA, where the shipment was delivered but not in the same good order and condition as when received by MSC in Callao, Peru, but with severe damage and depreciation to its value, due solely as the result of the negligence, unseaworthiness, fault, neglect, breach of contract of carriage and breach of bailment on the part of the Defendant and/or their agents.

12. The damage to the aforementioned shipment was not due to any act or omission of Plaintiffs but, to the contrary, was due solely as the result of the negligence, unseaworthiness, fault, neglect, breach of contract of carriage and breach of bailment on the part of the Defendant and/or its agents in failing to comply with the shipper's instructions regarding In Transit Cold Treatment requirements, and from other causes which were the fault of Defendant.

13. At all times relevant hereto, a contract of insurance for property damage was in effect between Jac. Vandenberg, Inc. and CS which provided coverage for, among other things, loss or damage to the consignment.

14. Pursuant to the aforementioned contract of insurance between Jac. Vandenberg, Inc. and CS, monies have been expended on behalf of Jac. Vandenberg, Inc. to the detriment of CS due to the damages sustained during transit.

15. As CS has sustained damages as the result of said expenditures, expenditures rightly the responsibility of defendant, CS has an equitable right of subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the defendant.

16. As a result of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $22,912.00.

## AS AND FOR A FIRST CAUSE OF ACTION - BREACH OF CONTRACT

17. The Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1 through 16, inclusive, as if herein set forth at length.

18. Pursuant to the contract entered into between the parties, the Defendant owed a contractual and statutory duty to the Plaintiff, to carry, bail, keep and care for, protect and deliver

4

the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

19. The Defendant breached its contractual and statutory duties by failing to properly care for, bail and protect the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

20. As a direct and proximate result of said breach of contract by Defendant, the Plaintiffs have suffered damages in the amount presently estimated to be no less than $22,912.00.

21. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with more specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $22,912.00.

## AS AND FOR A SECOND CAUSE OF ACTION - BREACH OF BAILMENT

22. The Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1 through 21, inclusive, as if herein set forth at length.

23. Pursuant to their obligations as bailees for hire of the Plaintiff's cargo, the Defendant owed contractual and statutory duties to Plaintiff to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

24. The Defendant breached their duties as bailees for hire by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

25. As a direct and proximate result of the breach of bailment by the Defendant, the Plaintiff has suffered damages in the approximate amount of $22,912.00.

26. By reason of the foregoing, the Plaintiffs have sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $22,912.00.

## AS AND FOR A THIRD CAUSE OF ACTION - NEGLIGENCE

27. The Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1 through 26, inclusive, as if herein set forth at length.

28. The Defendant owed a duty to the Plaintiff to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

29. The Defendant breached and were negligent in exercising its duty to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

30. As a direct and proximate result of the negligence by the Defendant, the Plaintiff has suffered damages in the approximate amount of $22,912.00.

31. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $22,912.00.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $22,912.00, together with interest, costs and the disbursements of this action; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, NY
      December 18, 2018
      519-03

                                        CASEY & BARNETT, LLC
                                        *Attorneys for Plaintiffs*

                       By: _____
                                        James P. Krauzlis, Esq.
                                        305 Broadway, Ste 1202
                                        New York, New York 10007
                                        (212) 286-0225